Filed 11/18/20  P. v. Swint CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059148 |
| v. | (Super. Ct. No. 13NF1803) |
| JEVON RAMON SWINT, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant was convicted in 2014 of aiding and abetting in a robbery. He and his accomplice shoplifted clothing from a Sears store, and as they fled, the accomplice threatened the store security guard with a flare gun. Because of his record, appellant was sentenced to 11 years in state prison. We affirmed the convictions in 2015.

On February 23, 2020, appellant filed a petition seeking to vacate his robbery conviction pursuant to subsequently-enacted Penal Code[1] section 1170.95. That petition was denied by the trial court on the basis that it did not "set forth a prima facie case for relief under the statute." The statute provides for relief for petitioners convicted of murder under a felony murder or natural and probable consequences theory. Since appellant was not convicted of murder, the court ruled he was not entitled to relief.

Appellant appealed, and we appointed counsel to represent him. Counsel filed a brief which set forth the procedural facts of the case. Counsel did not argue against appellant but advised us there were no issues in the case that had any chance of success. Appellant was invited to express his own objections to the proceedings against him but did not do so.

We find ourselves in agreement with appellate counsel. There is simply no issue here. Appellant's Hail Mary fails because section 1170.95 applies only to cases in which there was a conviction of murder. (*Id.*, subd. (a)(1).) Appellant was convicted of robbery. He is therefore not eligible for relief under section 1170.95.

With the aid of the briefing submitted by counsel, we not only considered the application of section 1170.95 to appellant's case but also scoured the short record for any other mistakes that might have been made in deciding his petition, as we are required to do when appellate counsel reports an inability to find an appellate issue. (*People v. Wende* (1979) 25 Cal.3d 436.) We have been unable to find any other issues that might

---

[1]     All further statutory references are to the Penal Code.

be argued in appellant's behalf.  Our review is limited to issues pertaining to his section 1170.95 petition, and we can find no flaw in the handling of that.

The order is affirmed.



BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.